I.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Enrique Meza Soria,**

       **Plaintiff,**

**v.**                                         **Civil Action No: 2:10cv61**
                                                     **(Judge Maxwell)**

**ERIC HOLDER, United States Attorney General,**
**HARLEY LAPPIN, Director of Federal Bureau of Prisons,**
**DR. EDDIES ANDERSON,**
**DR. E. MACE**

       **Defendants.**

## REPORT AND RECOMMENDATION

On April 19, 2010, the *pro se* plaintiff, Enrique Soria, initiated this case by filing a civil

rights complaint against the above-named defendants in the United States District Court for

Maryland.  On May 7, 2010, the case was transferred to this Court because the allegations concern the

plaintiff's incarceration at FCI Gilmer ("Gilmer"), which is located within this district's jurisdiction.  On

June 15, 2010, the plaintiff was granted leave to proceed *in forma pauperis*.  This matter is before

the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01

and 28 U.S.C. §1915(e).[1]

---

[1] 28 U.S.C. §1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

# I. Complaint

Prior to his conviction, the plaintiff was diagnosed with Hepatitis C and was treated by All-Care Family Clinic in Sevierville, Tennessee. (Doc. 1, p.3). The plaintiff was receiving medication to prevent Hepatitis A and B. <u>Id</u>. After the plaintiff's conviction, he was transferred to the United States Penitentiary in McCreary, KY. <u>Id</u>. The plaintiff was then transferred to the Federal Correctional Institution in Gilmer ("Gilmer"). <u>Id</u>. The plaintiff alleges that there is no medical treatment for Hepatitis C at Gilmer. <u>Id</u>. The plaintiff further claims that medical staff at Gilmer were prescribing medication for depression and anxiety. <u>Id</u>. The plaintiff claims that since he has not been receiving medication for hepatitis C, he has sclerosis of the liver. <u>Id</u>. The plaintiff states that medical staff at Gilmer is providing him with 400 mg of Ibuprofen, but claims it does not render much relief. <u>Id</u>.

For relief, the plaintiff requests the Court to have him transferred from Gilmer to a medical facility that will treat him for Hepatitis C and sclerosis; an investigation of corrupt practices in the Federal Bureau of Prisons; a determination whether Drs. Anderson and Mace are qualified physicians; and an examination of the medical expertise of Holder and Lappin. <u>Id</u>. at 4.

## II. <u>Standard of Review</u>

---

the case at any time if the court determines that...

    (B) the action or appeal-

        (I)  is frivolous or malicious;

        (ii)  fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's complaint against the defendants has no chance for success because he failed to state a claim on which relief may be granted. Therefore, the undersigned recommends that this case be dismissed.

### III. Analysis

#### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an

action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies.  Porter v.

Nussle, 534 U.S. 516, 524 (2002).  The exhaustion of administrative remedies "applies to all

inmate suits about prison life, whether they involve general circumstances or particular

episodes,"[2] and is required even when the relief sought is not available.  Booth at 741.  Because

exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior*

*to* filing a complaint in federal court.  See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741)

(emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be

raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a

case *sua sponte* on exhaustion grounds.  See Anderson v. XYZ Prison Health Services, 407 F.3d

674, 681 (4th Cir. 2005).  If the failure to exhaust is apparent from the face of the complaint, the

court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*.  Id. at 682.

The Bureau of Prisons makes available to its inmates a three level administrative remedy

process if informal resolution procedures fail to achieve sufficient results.  See 28 C.F.R. §

542.10, et seq.  This process is begun by filing a Request for Administrative Remedy at the

institution where the inmate is incarcerated.  If the inmate's complaint is denied at the

institutional level, he may appeal that decision to the Regional Office for the geographic region

in which the inmate's institution of confinement is located.  (For inmates confined at FCI-

Morgantown, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis

Junction, Maryland.)  If the Regional Office denies relief, the inmate can appeal to the Office of

General Counsel via a Central Office Administrative Remedy Appeal.  An inmate must fully

complete each level of the process in order to properly exhaust his administrative remedies.

---

[2] Id.

Here, the plaintiff admits that his administrative remedies are not exhausted. (Dckt. 1, p. 2).[3] Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate.

### IV  <u>Recommendation</u>

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are  made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

---

[3]The plaintiff is acting under the misapprehension that exhaustion of administrative remedies is not required because he is seeking preventive relief.  As support for this position, the plaintiff cites 42 U.S.C. § 2000a(3). However, 42 U.S.C. § 2000(a) prohibits discrimination or segregation in places of public accommodation, which do not include prisons.  <u>Douglas v. U.S. Attorney General</u>, 404 F. Supp. 1314 (WD Okla 1975).  Furthermore, nothing in 42 U.S.C. § 2000a(3) can be read as relieving a prisoner of the requirements of the PLRA.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 6-16-2010

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE